**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Stone Oak Investments, LLC, | : | Case No. 3:09-CV 00869 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION & ORDER** |
| Joseph Equipment Company, LLC, et al., | : | |
| Defendants. | : | |

The parties have agreed to the exercise of jurisdiction by the undersigned Magistrate in this breach of contract case. Pending is Defendants' Motion to Dismiss (Docket No. 18), Plaintiff's Opposition (Docket No. 31) and Defendants' Reply (Docket No. 32). For the reasons that follow, Defendants' Motion to Dismiss is granted.

### I. THE PARTIES

Plaintiff is a domestic limited liability company organized under the laws of the State of Ohio (Docket No. 2, ¶ 5, p. 2).

Defendant Joseph Equipment Company (Joseph), a limited liability company organized under the laws of the State of New Hampshire, is/was in the business of selling, leasing and servicing trucks and

trailers (Docket No. 2, ¶s 7 and 10).

Defendant Brian J. Thibeault is an <u>individual</u> doing business as Joseph Equipment (Docket No. 2, ¶ 8).

## II. JURISDICTION AND VENUE.

Plaintiff is a resident of Ohio. Defendant Joseph is organized under the laws of New Hampshire. Defendant Thibeault is a resident of New Hampshire. The amount in controversy exceeds $75,000. This Court has jurisdiction over the subject matters presented in this case pursuant to 29 U. S. C. § 1332(a)(3). However, the issue of whether venue is proper in the Northern District of Ohio is addressed in the following discussion.

## III. THE FACTS.

Prior to May, 2008, Plaintiff began negotiations with Defendants for the purchase of a new tri-axle dump-type trailer (Docket No. 2, ¶ 13). Although Defendants could not provide the requested three axle trailer, Defendants sold Plaintiff a two axle model with a promise to install, at Defendants' expense, a third axle at a later date (Docket No. 2, ¶ 15). Relying on Defendants' representation, Plaintiff paid $57,500.00 for the two axle model and took possession of the trailer (Docket No. 2, ¶s 16, 17 & 21). Defendants failed to provide the third axle (Docket No. 2, ¶ 19).

Plaintiff argues that as a result of Defendants' failure to provide the third axle, Plaintiff's business was impeded by the weight limitations of a two axle trailer. Plaintiff has been unable to fulfill customer hauling requirements; consequently, Plaintiff has lost income and profits (Docket No. 2, ¶ 20). In the Complaint, Plaintiff alleges causes of action for breach of contract, fraud, conversion and unjust enrichment. Defendants filed a Motion to Dismiss alleging that pursuant to FED. R. CIV. P. 12(b)(3), this case must be dismissed as venue is not proper in the Northern District of Ohio.

### IV. MOTION TO DISMISS STANDARD.

A defendant may move to dismiss for improper venue under Rule 12(b)(3). *ThorWorks Industries v. E.I. DuPont De Nemours and Company,* 606 F. Supp.2d 691, 694 (N. D. Ohio 2008). The plaintiff bears the burden of proving that venue is proper. *Id.* In making Rule 12(b)(3) determinations, the court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. The court may dismiss or, in the interest of justice, transfer a case to "any district or division in which it could have been brought." *Id.* (*citing* 28 U.S.C. 1406(a); *Mansfield Properties, L. L.C. v. Medical Development Management, L.L.C.*, 2008 WL 4186928, at *5 (N. D. Ohio 2008)).

### V. POSITIONS OF THE PARTIES.

**1.     PLAINTIFF.**

Plaintiff argues that justice requires that the Court consider that Defendants made certain factual misrepresentations to induce Plaintiff to purchase a two-axle model trailer when the conduct of its business requires a three-axle model. Although Defendants have appeared in this Court, Plaintiff alleges that Defendant Joseph is no longer a viable entity in good standing with the New Hampshire Secretary of State. Plaintiff will suffer substantial economic harm if forced to prosecute claims against a nonexistent entity in New Hampshire. Moreover, all of the witnesses that Plaintiff intends to call are within driving distance of the courthouse in the Northern District of Ohio. Transferring this case to New Hampshire will unjustly enrich Defendants.

**2.     DEFENDANTS.**

Defendants concurs with Plaintiff's contention that they *may* be subject to personal jurisdiction in the State of Ohio because it contracted to supply goods in the state. If the Court finds that Ohio has jurisdiction over Defendant Joseph, then Defendant Joseph will be deemed to reside in Ohio and New

Hampshire for purposes of determining venue under §1391 (a)(1). However, venue is improper in Ohio as Defendant Thibeault has no ties to Ohio. The proper venue would be New Hampshire because Defendants reside and/or conduct business there.

### VI. DISCUSSION.

The issue before the Court is whether venue in the Northern District of Ohio is the proper venue under 28 U. S. C. §§ 1391(a) and 1406(a). In the alternative, consideration will be given as to whether the case should be transferred to the United States District Court in New Hampshire.

**1.    SECTION 1391(a).**

Under 28 U. S. C. § 1391(a), venue is proper in a civil case founded only on diversity of citizenship, except as otherwise provided by law, only in:

(1)   a judicial district where any defendant resides, if all defendants reside in the same State,
(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
(3)   a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Costaras v. NBC Universal, Incorporated*, 409 F. Supp.2d 897, 907 (N. D. Ohio 2005) (*citing* 28 U.S.C. § 1391(a)).

Once an objection to venue has been raised, a plaintiff bears the burden of establishing that venue is proper and must demonstrate that venue is proper for each claim asserted in his or her complaint. *Id.* (*citing Centerville ALF, Incorporated. v. Balanced Care Corporation*, 197 F. Supp.2d 1039, 1046 (S. D. Ohio 2002); *Astor Holdings, Incorporated v. Roski,* 2002 WL 72936, *8 (S.D.N.Y. 2002)(unreported); CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3808).

Under 28 U.S.C. § 1391(a)(2), plaintiff must show that its action has been brought in "a judicial

district in which a substantial part of the events . . . giving rise to the claim occurred." *Medquist MRC, Incorporated v. Dayani*, 191 F. R. D. 125, 128 (N. D. Ohio 1999) (*see also, First of Michigan Corporation v. Bramlet,* 141 F.3d 260, 263 (6th Cir. 1998)). The court's inquiry must be whether plaintiff has chosen *any* forum with a substantial connection to the claim, regardless of whether other forums exist with greater contacts. *Id.* For proper venue to lie in the Northern District of Ohio, a plaintiff must show that a substantial part of the events giving rise to its claims occurred in the Northern District of Ohio. *Id.*

    **2.**    **SECTION 1406(a)**.

Under 28 U.S.C. § 1406(a) a district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought. *Id.* The decision of whether to dismiss or transfer is within the district court's sound discretion. *Id.* (*citing First of Michigan Corporation v. Bramlet,* 141 F.3d 260, 262 (6th Cir. 1998)). Section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case. *Id*. at 907-908 (*citing Pittock v. Otis Elevator Company,* 8 F.3d 325, 329 (6th Cir. 1993); *Goldlawr, Incorporated v. Heiman,* 82 S. Ct. 913, 915 (1962) (utilizing section 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum)). Thus, Section 1406(a) authorizes the district court to transfer a case to avoid an obstacle to adjudication on the merits due to lack of personal jurisdiction or improper venue. *Id.* In situations where venue is proper for one defendant but not for another, the court may transfer the entire case to another district that is proper for both defendants or sever the claims. *Id.* (*citing Cottman Transmission Services, Incorporated v. Martino,* 36 F.3d 291, 296 (3rd Cir.1994)).

    **3.**    **ANALYSIS**

Here, it is undisputed that Defendant Joseph is a limited liability company organized under the

laws of the State of New Hampshire and that Defendant Thibeault is a New Hampshire resident. Both Defendants reside in New Hampshire rather than in Ohio, therefore 28 U. S. C. § 1391(a)(1) does not support a finding that venue is proper in the Northern District of Ohio.

The magistrate next addresses the issue of whether a substantial part of the events giving rise to the claim occurred within the Northern District of Ohio as required under Section 1391(a)(2). After review of Plaintiff's allegations, the magistrate finds that Plaintiff has not satisfied the "substantial part" test as the allegations fail to establish that a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of Ohio.

Because the action could have been brought in another district, namely a United States District Court in New Hampshire, 28 U. S. C. § 1391(a)(3) does not apply.

### VII. CONCLUSION.

Plaintiff has not met the burden of proving that proper venue lies in the Northern District of Ohio. Accordingly, the Magistrate grants the Motion to Dismiss and transfers this case pursuant to 28 U. S. C. § 1406(a), to the United States District Court, District of New Hampshire.

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date    August 19, 2010